UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| WOLF HORN INVESTMENTS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:12-CV-00244 |
| | § | |
| ALLIED PROPERTY AND CASUALTY | § | |
| INSURANCE COMPANY, *et al*, | § | |
| | § | |
| Defendants. | § | |

## **ORDER**

Before the Court are three motions: (1) Plaintiff Wolf Horn Investments LLC's (Wolf Horn's) Motion to Remand (D.E. 17); (2) Wolf Horn's Motion for Leave to File Amended Pleading (D.E. 15); and (3) Defendant Service Insurance Group d/b/a SIG Insurance Services' (SIG's) Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (D.E. 12). For the reasons set out below, the Motion to Remand (D.E. 17) is DENIED, the Motion for Leave to Amend (D.E. 15) is GRANTED and this matter is *sua sponte* REMANDED, and the Motion to Dismiss (D.E. 12) is DENIED AS MOOT.

### A. Motion to Remand

On July 25, 2012, Defendant Allied Property & Casualty Insurance Company (Allied Property) removed this case to this Court on the basis of diversity jurisdiction, pleading fraudulent joinder of both Defendants SIG and Allied Insurance a/k/a Ace American (Ace). D.E. 1. Defendants Ace and SIG both consented to removal. D.E. 1, p. 2. Only SIG is alleged to be non-diverse. D.E. 1, D.E. 1-5, p. 3. There is no dispute

that the amount in controversy exceeds the minimum required by 28 U.S.C. § 1332(a). Instead, Wolf Horn seeks a remand[1] based on its joinder of SIG, the non-diverse defendant. (D.E. 12).

"The party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper." *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004) (*en banc*). The removing party proves improper joinder by demonstrating: (1) actual fraud in the pleading of jurisdictional facts; or (2) the inability of the plaintiff to establish a cause of action against the non-diverse defendant in state court. *See Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006) (citing *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)); *see also Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005). Only the second method is at issue here.

The Court resolves this matter by evaluating "all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff." *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005) (citing *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981)); *see also Boone*, 416 F.3d at 388; *Smallwood*, 385 F.3d at 573. The relevant allegations are stated in the Plaintiff's First Amended Original Petition (D.E. 1-6) filed in state court, which is the operative pleading for this jurisdictional question. *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570-71, 124 S.Ct. 1920 (2004); *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995). Post-removal affidavits and explanations

---

[1] While Plaintiff's Motion to Remand is filed beyond the 30-day time frame provided in 28 U.S.C. § 1447(c), the Court may entertain such a motion at any time when it challenges subject matter jurisdiction.

may be considered to the extent that they "clarify or amplify the claims actually alleged in the amended petition that was controlling" when the suit was removed. Such additional matters may not be used to add causes of action or theories in the case. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 700 (5th Cir. 1999).

Allied Property argues that Wolf Horn cannot recover on the claims made against SIG. Quite simply, the pleading asserts a breach of contract action for failure to defend and indemnify under a policy of insurance. Allied Property asserts that Wolf Horn cannot recover under a breach of contract theory because SIG was not a party to the insurance policy. D.E. 1; D.E. 22, p. 5. *See Griggs, supra* (finding more extensive allegations against the agent who procured the policy of insurance did not state an actionable claim under the policy).

In its Motion to Remand, Wolf Horn does not refute or distinguish *Griggs* or Allied Property's briefing on the issue of whether SIG is liable on the policy. Instead, it argues generally that Allied Property has not met its burden of proof to show fraudulent joinder. In so doing, Wolf Horn does not clarify or amplify any claim stated in its First Amended Original Petition upon which SIG would be liable.

Instead, in its conclusion, Wolf Horn asserts that its viable claim against SIG is a "failure to procure a policy of insurance" claim. Wolf Horn expressly asserts this claim as separate from the breach of contract "failure to provide coverage" claim against Allied Property. More importantly, however, the claim does not exist in the operative pleading. In sum, Wolf Horn's Motion to Remand is premised on its filing of an amended pleading, leave for which the Court has not granted.

Because Wolf Horn's First Amended Original Petition, the live pleading at the time of removal, does not state a claim against SIG on which Wolf Horn may recover, SIG was fraudulently joined as that term applies to removal and remand decisions. Consequently the Court DENIES Wolf Horn's Motion to Remand (D.E. 12).

### B.  Motion for Leave to Amend

It is clear that Wolf Horn is required to obtain leave of court before filing its proposed "Second Amended Original Petition."  Fed. R. Civ. P. 15(a); D.E. 15, p. 1.  Ordinarily, leave to amend is freely given when justice so requires.  Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182 (1962).  However, when the amendment would add an entirely new claim against an otherwise fraudulently joined party and thus divest the Court of diversity jurisdiction, the Court must balance a number of factors. *Hensgens v. Deere & Company*, 833 F.2d 1179, 1182 (5th Cir. 1987).  According to the Fifth Circuit in *Hensgens*,

> In this situation, justice requires that the district court consider a number of factors to balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits. For example, the court should consider the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities. The district court, with input from the defendant, should then balance the equities and decide whether amendment should be permitted. If it permits the amendment of the nondiverse defendant, it then must remand to the state court. If the amendment is not allowed, the federal court maintains jurisdiction.

*Id*.

Plaintiff first filed this case in state court on May 10, 2012. D.E. 1-4. On May 23, 2012, summons for Defendant SIG was issued and on May 29, 2012 it was served. D.E. 1-7, p. 6. On June 20, 2012, SIG filed its Motion to Transfer Venue and Original Answer. D.E. 1-10. These facts do not support the conclusion that SIG was a party in name only for the purpose of defeating federal jurisdiction. SIG was served and did appear and answer. It appears that Plaintiff did intend to prosecute its action as against SIG. The Court does not conclude that the purpose of the amendment is to defeat federal jurisdiction.

Not until October 30, 2012 did SIG file its Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (D.E. 12) complaining that the First Amended Original Petition (D.E. 1-6) did not state a cognizable claim against it. In reply, Plaintiff promptly filed its Motion for Leave to Amend (D.E. 15) and Response to the Motion to Dismiss (D.E. 15) on November 9, 2012. The Court does not conclude that Plaintiff was dilatory in its request to amend.

Plaintiff now seeks to add a cognizable claim against SIG consistent with its other allegations. Its complaint is centered on being either (1) without an insurance policy that provides the coverage it expected or (2) having an insurance company that does not comply with the coverage purchased. The claims are clearly related. Requiring Plaintiff to pursue these associated claims in separate courts invites a significant risk of inconsistent judgments. Thus Plaintiff will be significantly injured if amendment is not allowed.

The Court does not find any other factors bearing on the equities. Consequently, the Court GRANTS the Plaintiff's Motion for Leave to Amend (D.E. 15) and, *sua sponte* REMANDS this action for lack of subject matter jurisdiction due to a loss of complete diversity among the parties.

### C. Motion to Dismiss

Because of the Court's foregoing granting of the Motion for Leave to Amend and remanding of the action, SIG's Motion to Dismiss (D.E. 12) is DENIED AS MOOT.

### D. Conclusion

For the reasons set out above, the Plaintiff's Motion to Remand (D.E. 17) is DENIED. Plaintiff's Motion for Leave to Amend (D.E. 15) is GRANTED. Defendant SIG's Motion to Dismiss (D.E. 12) is DENIED AS MOOT. The Clerk is instructed to file the Plaintiff's Second Amended Original Petition (D.E. 14) as a new independently filed document. This action is REMANDED to the 347th District Court, Nueces County, Texas, the court from which it was removed.

ORDERED this 30th day of December, 2012.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE